MENTE BROS., INC., A CORPORATION, SAMUEL BRANHAM AND ROBERT STICKEL, PLAINTIFFS-APPELLANTS, v. SHELTON PITNEY ET AL., TRUSTEES OF THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Argued February 5, 1946—Decided April 25, 1946.

For the plaintiffs-appellants, *Stanley W. Greenfield.*

For the defendants-respondents, *William F. Hanlon* (*DeVoe Tomlinson,* of counsel).

The opinion of the court was delivered by

OLIPHANT, J.  This is a railroad grade crossing accident case.  The appeal is from a judgment of the Supreme Court of no cause of action returned by a jury at the Union County Circuit.

On May 11th, 1942, at about 6:20 P. M., in broad daylight, the plaintiff Stickel was operating an automobile truck owned by the plaintiff Mente Bros., Inc., in which the other plaintiff, Branham, was riding.  The truck was being operated over the Lewis Street crossing, a short distance from defendant's railroad station, in Eatontown, Monmouth County, where it collided with a train of the defendant company.  For about a week prior to the accident Branham and Stickel had been unloading sewer pipe at the Eatontown freight yard adjacent to the crossing and carting it to Camp Woods.  In doing so it was necessary to make use of the crossing in question and they were thoroughly familiar with it.  The railroad main-

tained a flagman at the crossing at certain times to flag through trains and plaintiffs had observed him there on two or three occasions during the week. There was no custom to flag the crossing for the train involved in the accident and no notice was posted specifying that the crossing would be flagged for this train.

There was testimony in the case to the effect that no flagman's sign was at the crossing,· other testimony that there was such a sign but that its wording was not distinguishable. These plaintiffs had never been at the crossing after 6:00 P. M.

It is alleged as error that the trial judge limited the duty of the defendants to a compliance with giving the statutory crossing signals, *R. S.* 48:12–57. Under the facts this limitation was proper. There was no evidence of the railroad having created extra danger or hazards at the crossing. In such a situation the statutory signals, if given, freed the railroad company of liability. *Pennsylvania Railroad Co.* v. *Matthews,* 36 *N. J. L.* 531; *Di Giendemonica* v. *Pennsylvania-Reading Seashore Lines,* 123 *Id.* 296. There are cases involving the operation of railroad trains where a court is required to charge the common-law duty of the use of reasonable care by railroad employees, such as *Taylor* v. *Lehigh Valley Railroad Co.,* 87 *Id.* 673, and *Passarello* v. *West Jersey and Seashore Railroad Co.,* 98 *Id.* 790, but the instant one is not of that class under the proven facts.

While there was no request submitted to the court to charge the provisions of *R. S.* 48:12–84 nor was any exception taken to the court's failure to so do, and while therefore such failure cannot be considered on appeal, *Simons* v. *Lee,* 117 *N. J. L.* 370, we point out that the defendants were under no legal duty to protect this crossing for the train involved in the accident. *R. S.* 48:12–84 provides that when a railroad has placed a flagman at a crossing a person approaching during such hours as posted notice at the crossing shall specify, shall be entitled to assume that the flagman will guard the crossing so that the traveler will be warned of danger. The statute by its terms imposes a duty on a railroad company only when the posted notice specifies that the flagman will be there.

Because there was no sign, or if there was one because it was illegible, gives a traveler no right to assume the presence of a flagman. Under the facts of this case the plaintiffs had no right to presume that the flagman was habitually stationed at the crossing or that he would be stationed there at the time of this accident.

The only other error alleged relates solely to the question of damages, as contained in the charge of the court. We perceive no necessity to consider this in view of the verdict of the jury absolving the defendants from liability.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 12.

*For reversal*—HEHER, PERSKIE, JJ. 2.